### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**SEALED**

v.

**INDICTMENT**

**BRYAN A. POOL**

3:11CR34/LAC

**THE GRAND JURY CHARGES:**

### COUNT ONE

### A. INTRODUCTION

1.      U.S. Bank N.A., which is part of U.S. Bancorp, was a financial institution,

the deposits of which were insured by the Federal Deposit Insurance Corporation.

2.      The residence 87 Grande Pointe Drive S, Inlet Beach, Florida, (hereinafter

referred to as "87 Grande Pointe Drive") was located in the Northern District of Florida.

3.      California Cellular, Inc., was incorporated in the state of Nevada during May

2002. In a 2003 filing with the state of Nevada, defendant **BRYAN A. POOL** was listed as

secretary and director of the corporation; A.A., using the alias E.B., was listed as president

of the corporation, and A.A. was listed as treasurer of the corporation. In a 2004 filing with

the state of Nevada, **BRIAN A. POOL** was listed as secretary of the corporation, and A.A.,

using the alias E.B., was listed as president of the corporation. In a 2006 filing with the state

of Nevada, **BRIAN A. POOL** was listed as president of the corporation; A.A., using the

Returned in open court pursuant to Rule 6(f)

04/19/2011

Date

United States Magistrate Judge

alias E.B., was listed as secretary and director of the corporation, and A.A. was listed as treasurer and director of the corporation. In a 2007 filing with the state of Nevada, **BRIAN A. POOL** was listed as president of the corporation; A.A., using the alias E.B., was listed as secretary and director of the corporation, and A.A. was listed as treasurer of the corporation. In a 2008 filing with the state of Nevada, **BRIAN A. POOL** was listed as president of the corporation, A.A., using the alias E.B., was listed as secretary of the corporation; and N.S. was listed as treasurer of the corporation.

4.      Powerhouse Investment Group, Inc., was incorporated in the state of California during June 2007. A.A. was listed as the initial agent of the corporation. Powerhouse Investment Group, Inc., maintained a bank account at Union Bank of California, for which A.A. was the signatory on the account.

5.      Lunar Concepts Corporation was incorporated in Nevada. In filings with the Nevada Secretary of State in 2006, 2007 and 2008, W.J. was listed as a treasurer and director of the corporation. On or about February 13, 2008, Lunar Concepts Corporation was registered as a foreign profit corporation with the Georgia Secretary of State.

6.      Lunar Concepts Corporation maintained account number 100003818XXXX at SunTrust Bank. W.J. was a signatory on this account, and the signature card listed W.J. as the chief executive officer.

## B. MANNER AND MEANS

It was part of the scheme to defraud that:

2

1.     Defendant **BRYAN A. POOL** entered into a contract to purchase the residence located at 87 Grande Pointe Drive. The contract purchase price for the residence was $1,500,000.00.

2.     Defendant **BRYAN A. POOL** borrowed $975,000.00 on a first mortgage and $225,000.00 on a second mortgage line of credit from U.S. Bank N.A. to fund the 87 Grande Pointe Drive purchase.

3.     According to the loan applications, defendant **BRYAN A. POOL** planned to use the 87 Grande Pointe Drive as a primary residence.

4.     On or about February 19, 2008, an appraisal was obtained for the subject property, 87 Grande Pointe Drive. The appraisal required a physical inspection of the property.

5.     On or about May 29, 2008, $315,298.27 was wired from an account at Union Bank of California held under the names of A.A. and G.N. to the settlement agent for the 87 Grande Pointe Drive closing. These funds were to be used by the defendant **BRYAN A. POOL** as a down payment towards the purchase of 87 Grande Pointe Drive. Shortly before this wire transfer, funds had been deposited into the Union Bank of California account of A.A. and G.N. from a Powerhouse Investment Group, Inc., account at Union Bank of California to cover the costs associated with the $315,298.27 wire.

6.     Following closing on the 87 Grande Pointe Drive purchase, $555,000.00 from the loan proceeds was paid as "consulting fees" to Lunar Concepts Corporation. These funds were paid by wire transfer on or about May 29, 2008, from the settlement agent into Lunar

3

Concepts Corporation SunTrust account number 100003818XXXX.

7.     On or about May 28, 2008, $20,000.00 was wired from Lunar Concepts Corporation's SunTrust account number 100003818XXXX to A.A. and G.N. account number 036114XXX at Union Bank of California.

8.     On or about May 30, 2008, $497,500.00 from the $555,000.00 in loan proceeds identified in paragraph 6, above, was wired from Lunar Concepts Corporation's SunTrust account number 100003818XXXX to Powerhouse Investment Group, Inc., account number 571000XXXX at Union Bank of California.

9.     On or about May 30, 2008, A.A. withdrew $295,300.00 from Powerhouse Investment Group, Inc., account 571000XXXX at Union Bank of California by way of a check made payable to A.A. Approximately $177,300.00 from these funds was then deposited into account number 036114XXXX at Union Bank of California held under the names of A.A. and G.N.

10.    On or about June 2, 2008, $124,920.00 from the loan proceeds identified in paragraph 6, above, was wired from account number 036114XXXX at Union Bank of California held under the names of A.A. and G.N. to account number 800088XXXX at Comerica Bank held in the name of defendant **BRYAN A. POOL**. These funds were subsequently used for the benefit of defendant **BRYAN A. POOL**.

## C. THE CHARGE

Between on or about January 1, 2008, through the date of the return of this Indictment, in the Northern District of Florida and elsewhere, the defendant,

4

**BRYAN A. POOL,**

did knowingly and willfully conspire, combine, confederate and agree with other persons to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, U.S. Bank N.A., and to obtain moneys owned by and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations and promises.

In violation of Title 18, United States Code, Section 1344.

## D. OVERT ACTS

1. On or about May 28, 2008, defendant **BRYAN A. POOL** submitted applications to U.S. Bank N.A. for loans in the amount of $975,000.00 and $225,000.00 to fund the purchase of the property located at 87 Grande Pointe Drive.

2. In the loan applications, defendant **BRYAN A. POOL** falsely stated that he was the chief executive officer of "California Cellular" with a monthly income of $34,725.17.

3. In the loan applications, defendant **BRYAN A. POOL** falsely stated that he had $122,029.78 on deposit in a checking account at Comerica Bank, in account number 800088XXXX, and $265,520.92 on deposit in a money market fund at Comerica, in account number 8000088XXXX. In truth and fact, defendant **BRYAN A. POOL** had substantially less money on deposit in both accounts.

4. As part of the loan application process, defendant **BRYAN A. POOL** provided copies of false and fraudulent monthly account statements for the checking

5

accounts identified in paragraph 3, above, to substantiate the defendant's claims that he had funds on deposit as reflected in the loan application.

5.      As part of the loan application process, defendant **BRYAN A. POOL** provided false and fraudulent earnings statements from California Cellular, Inc., for the periods ending January 18, 2008, April 25, 2008 and May 9, 2008.  In the earnings statements, **BRIAN A. POOL** stated he had gross pay of $16,027.63 per pay period.

6.      As part of the loan application process, defendant **BRYAN A. POOL** provided false and fraudulent W-2 statement from "California Cellular - One" for the calendar year 2007, which stated that the defendant had gross income of $384,663.12.

7.      As part of the loan application process, defendant **BRYAN A. POOL** provided a false and fraudulent federal income tax return for the calendar years 2006 and 2007, which reflected that the defendant had wages and salaries of $341,259.00 and $367,633.00, respectively.

8.      As part of the loan application process, defendant **BRYAN A. POOL** provided a letter purportedly written by N.S. as Payroll Manager of California Cellular, Inc., on California Cellular, Inc., stationary stating that "Bryan Pool, the Chief Operating Officer, has expanded his responsibilities with our firm and will be required to oversee multiple kiosks in the Walton County area.  Mr. Pool is to maintain residency in the Walton County area as a part of his job description with California Cellular, Inc.  Salary earned for this position will not reflect any change. The anticipated start date is April 21, 2008."

6

9.     On or about May 28, 2008, as part of the loan application process for the purchase of 87 Grande Pointe Drive, defendant **BRYAN A. POOL** signed a mortgage with U.S. Bank N.A. in the amount of $975,000.00.

10.     On or about May 28, 2008, as part of the loan application process for the purchase of 87 Grande Pointe Drive, defendant **BRYAN A. POOL** signed a mortgage with U.S. Bank N.A. in the amount of $225,000.00.

11.     On or about May 28, 2008, defendant **BRYAN A. POOL** purchased the property located at 87 Grande Pointe Drive with the proceeds of loans extended by U.S. Bank N.A.

12.     On or about June 9, 2008, defendant **BRYAN A. POOL** caused two mortgage documents to be filed and recorded with the Clerk of the Court, Walton County, Florida.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

### A. INTRODUCTION

The allegations contained in paragraphs A1 through A6, B1 through B10, and D1 through D12 of Count One are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about January 1, 2008, through the date of the return of this Indictment, in the Northern District of Florida and elsewhere, the defendant,

### BRYAN A. POOL,

7

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, U.S. Bank N.A., and to obtain moneys owned by and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs D1 through D12 in Count One.

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

### A. INTRODUCTION

The allegations contained in paragraphs A1 through A6, B1 through B10, and D1 through D12 of Count One are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about January 1, 2008, through the date of the return of this Indictment, in the Northern District of Florida and elsewhere, the defendant,

### BRYAN A. POOL,

did knowingly combine, conspire, confederate, and agree with other persons to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the interstate transfer of monetary instruments in the form of United States currency between financial institutions, which funds were in fact derived from a specified unlawful activity, that is, bank fraud, in violation of Title 18, United States Code, Section 1344, with the intent to promote the carrying on of these specified unlawful activities as charged in this Indictment and to conceal and disguise the nature, location, source, ownership, and control of the

8

proceeds of these specified unlawful activities as charged in this indictment, in violation of

Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Three of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeitures to the United

States pursuant to the provisions of Title 18, United States Code, Section 982(a).

Upon the conviction of the violations alleged in Counts One through Three of this

Indictment, the defendant,

## BRYAN A. POOL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a),

any and all property, real or personal, involved in the aforementioned offenses and all

property traceable to such property as a result of such violations.

If any of the property described above as being subject to forfeiture pursuant to

Counts One, Two and Three of the Indictment, as a result of any act or omission of the

defendant:

    i.     cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.   has been placed beyond the jurisdiction of this Court;

    iv.   has been substantially diminished in value; or

9

v.      has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

April 19, 2011
_____
DATE

PAMELA C. MARSH
United States Attorney

TIFFANY H. EGGERS
Assistant United States Attorney

10